IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. CR 07-86-LRR |
| vs. | ) | DEFENDANT'S SENTENCING MEMORANDUM |
| GEORGE BING TONKS, | ) | |
| Defendant. | ) | |

COMES NOW Defendant and pursuant to the order setting sentencing hearing states as follows:

1. The Defendant intends to call no witnesses.

2. The Defendant does not anticipate introduction of any exhibits.

3. There are no guideline calculations in dispute and there are no other issues in dispute by the parties. The sole sentencing consideration to be resolved by the Court is whether or not all or part of the sentence in this case should be served concurrent with the Defendant's undischarged terms of imprisonment imposed in Eastern District of Pennsylvania case no. CR 93-192-1 (9 months, revocation of supervised release) and Southern District of New York case no. 06-771-PAC (115 months, wire fraud). The Defendant respectfully requests that the Court order the sentence imposed in this case to run concurrent with his undischarged terms of imprisonment, and submits the following memorandum in support of his request.

REQUEST FOR CONCURRENT SENTENCE

The consideration of whether a sentence should be run consecutive to or concurrent with a defendant's undischarged term of imprisonment imposed in a

jm

separate case is addressed in United States Sentencing Guideline [U.S.S.G.] §5G1.3. The guideline, post- U.S. v. Booker, 543 U.S. 220 (2005), is only advisory, and "give[s] only the most general guidance to district courts in exercising this discretion." U.S. v. Atteberry, 447 F.3d 562, 564 (8th Cir., 2006). As with all other sentencing considerations, the court is ultimately guided by the standard of reasonableness, determined within the framework of the factors set out in 18 U.S.C. §3553(a). Aside from the sentencing guidelines, the court is specifically directed, under 18 U.S.C. §3584(b), to impose consecutive or concurrent terms of imprisonment in light of the factors of 18 U.S.C. §3553(a). Those factors are well known and routinely considered by the court, and need not be enumerated here, and are to result in a sentence (or aggregate of sentences) "sufficient, but not greater than necessary" to achieve the purposes described in the statute.

The sentencing guidelines also suggest factors to be considered in the court's decision regarding consecutive or concurrent sentences, which factors, in addition to those in 18 U.S.C. §3553(a), include:

1. The type and length of the prior sentence;
2. The time already served and likely remaining to be served;
3. The jurisdiction and time of the prior sentencing court; and
4. Any other relevant circumstances.

U.S.S.G. §5G1.3, Application Note 3. See also, U.S. v. Mathis, 451 F.3d 939, 941-42 (8th Cir., 2006).

In light of these factors, both statutory and guidelines, the Defendant respectfully requests that the Court consider the following factors in support of the imposition of a concurrent sentence.

1. The New York case involved a telephone scheme to defraud victims based upon the victim's desire to pay money for the promise of a role in adult films. The scheme was run out of New York, used various people for telephone solicitation, and collected money from wire transfers to New York. The scheme was extensive: the guilty plea conceded the number of victims to exceed 250, and the amount of loss to exceed one million dollars. Several of the participants in the adult films scheme were the same as those involved in the Iowa scheme, in particular Stacey DeFilippis (sentenced by this Court in Iowa case no. CR 06-84-1-LRR). The Iowa offense is also a telephone scheme, based out of the same facilities in New York, run at the same time as the New York activities, and involving several of the same participants. It involved only one victim, however, and the hook was the promise of a lottery windfall, not film acting. The Iowa offense also involved wire transfers of money to New York. The Iowa offense ended before the New York scheme ended.

Arguably, the Iowa offense and the New York offense were the same course of conduct and, had the New York conduct been included as relevant conduct in the Iowa case, a fully concurrent sentence would be suggested by U.S.S.G. §5G1.3(b). However, the resulting Guidelines range would have been higher, by the Defendant's estimation, than the New York range, due essentially to an additional 1-level role enhancement, but with a lower criminal history. The Iowa range would then have been 121-151 months. The range applicable in the New York case was 108-135 months, with a 115 month sentence imposed. Hence, to achieve requisite "incremental punishment", the Iowa sentence would be at least six months consecutive (to reach the bottom of the Guideline range), and the balance concurrent, to the New York term. The Defendant in the present case has not argued that the Iowa court should include the New York facts as

relevant conduct, and this analysis is meant for illustrative purposes only. Should this Court impose a fully consecutive sentence of a term of imprisonment within the Guideline range, the resulting cumulative term will far exceed what would be necessary to achieve incremental punishment were the offenses considered together as the same course of conduct.

2. By counsel's estimation at the time of this writing the Defendant, without consideration of possible good-time credits, has approximately 87 months remaining on his New York term of incarceration, plus 9 months consecutive on his Pennsylvania revocation of supervised release, for a total remaining unserved term of 96 months.

3. This case will involve substantial restitution. The parties have stipulated that the restitution is $264,872. This will be imposed on top of the restitution ordered in New York of approximately $780,000. Any meaningful restitution payments are not likely during the Defendant's period of incarceration, and will only become possible once the Defendant, under supervised release, is able to become employed outside of prison confines. The goal of retribution is not enhanced by consecutive prison time, but the goals of both rehabilitation and restitution are enhanced by concurrent sentences.

4. The instant offense and the Defendant's prior offenses are non-violent, and the Defendant has no history of violence.

5. Although non-violent, this does not imply that this offense has no victim, and the particular victim here is both sympathetic and suffered real harm. Nevertheless, these elements are fully taken into account in calculation of the Guideline range, and there are no special or aggravating circumstances peculiar to this case that make it fundamentally different or more egregious than a "generic" violation.

6. The defendant Stacy DeFilippis has been sentenced by this Court for her conduct as a participant in the Iowa scheme. Ms. DeFilippis was also sentenced by the New York court for her role in the New York scheme. The Iowa sentence was run fully concurrent with the New York sentence.

7. As noted in the presentence report, the United States does not resist the imposition of a concurrent sentence.

Respectfully Submitted:

/s/ R. L. Sole
R. L. SOLE           AT0007503
SOLE, McMANUS, PEARSON & WILLEMS, PC
118 Third Avenue SE, Suite 830
Cedar Rapids, IA 52401-1440
(319) 366-4313
(319) 366-0368 (fax)
email: rlsole@qwest.net
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE
I certify that the foregoing document was electronically filed with the Clerk of Court using the ECF system on November 11, 2008, with electronic notification to counsel of record.

/s/ R. L. Sole